Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
Danielle L. Jaberg, (CSBN 256653)
Counsel for ERISA
**Boris Orlov**, Attorney (CSBN 223532)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-5410
    Facsimile:  (213) 894-2064
orlov.boris@dol.gov

Attorneys for the Plaintiff
United States Department of Labor

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**, Secretary of Labor, United States Department of Labor, <br><br>Plaintiff, <br><br>v. <br><br>**CUONG VIET DO,** an individual, <br><br>Defendant. | Case No. C10-04026 HRL <br><br> Related Case No. C10-03823 LHK <br><br> [~~PROPOSED~~] ORDER |

Having considered the Joint Stipulation as to Nondischargeability of Debt, entered into by Defendant-Debtor Cuong Viet Do ("Debtor") and the Secretary of Labor, United States Department of Labor ("Secretary"), and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The default entered against the Debtor is hereby set aside.
2. This Court has jurisdiction over this action.
3. Debtor is, and was, at all relevant times, a fiduciary of the Plan within the meaning of § 3(21), 29 U.S.C. § 1002(21), of the Employee Retirement Income Security Act of 1974("ERISA").
4. The Mili Group Retirement Plan ("Plan") is an employee benefit plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).
5. The debt to the Plan arises from Debtor's alleged breaches of his ERISA fiduciary duties owed to the Plan. Such alleged breaches also constitute fiduciary defalcation within the meaning of Section 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4).
6. The parties agree that the amount of the debt owed to the Plan is $155,000.
7. Debtor's debt to the Plan in the amount of $155,000 is a nondischargeable debt under Section 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4).
8. The Debtor shall repay the debt to the Plan according to the payment schedule set forth in the Consent Judgment & Order submitted in Case No. 10-03823. Such payment schedule shall include the assessment of interest. The Debtor shall not use any assets from the bankruptcy estate to repay the debt.
9. Nothing in the Joint Stipulation as to Nondischargeability of Debt is binding on any governmental agency other than the Employee Benefits Security Administration, United States Department of Labor.
10. The parties shall bear their own costs, expenses, and attorneys' fees incurred in connection with any stage of the above-referenced proceeding to date, including but

1 | not limited to, attorney's fees which may be available under the Equal Access to Justice
2 | Act, as amended.

3 |     11.    The Stipulation and accompanying Order represents a full, final and complete judicial resolution of all claims alleged against the Debtor in the Secretary's Adversary Complaint. The Court directs entry of this Order as a final order.

    IT IS SO ORDERED.

Dated:   May 27, 2011

*Lucy H. Koh*
United States District Judge